IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON W. KIRKPATRICK,** | : | **CIVIL ACTION NO. 1:07-CV-2202** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **STATE OF OHIO, FEDERAL BUREAU OF PRISONS, and U.S. ATTORNEY GENERAL,** | : | |
| Defendants | : | |

# **ORDER**

AND NOW, this 18th day of December, 2007, upon consideration of plaintiff's petition/complaint (Doc. 1) challenging the detainer lodged against him in favor of the attorney general of the State of Ohio and upon consideration of plaintiff's letter brief in support thereof (Doc. 9),[1] and the court observing that the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody is a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241, see Grant v. Hogan, 505 F.3d 1220, 1223, 1225 (3d Cir. 1974) ("[H]abeas corpus is a proper vehicle for challenging a detainer on the ground that prosecution on the underlying charges would be unconstitutional."); Padilla v. Warden, No. 4:CV-07-919, 2007 WL 1544832, at *2 (M.D. Pa. May 24, 2007); Cameron v. Taylor, No. Civ. A. 06-0073, 2007 WL 542377, at *4 (D.N.J. Feb. 16, 2007), and the court further

---

[1] The court notes that its ruling on plaintiff's petition/complaint was hindered by defendants' failure to comply with the order of court dated December 7, 2007 (Doc. 8), which required defendants to file a response to plaintiff's petition/ complaint (Doc. 1) by December 14, 2007. As of the date of this order, defendants have not done so.

observing that a petitioner under § 2241 must exhaust available administrative remedies prior to seeking issuance of a writ of habeas corpus, see Antonakeas v. Sherman, No. 06-5003, 2007 WL 2390424, at *2 (3d Cir. Aug. 23, 2007); Grant, 505 F.2d at 1223, and it appearing that the Interstate Agreement on Detainers ("the Agreement"), 18 U.S.C. app. 2 § 2, to which the United States and the State of Ohio are parties, see id.; OHIO REV. CODE ANN. § 2363.30, provides mandatory remedial procedures[2] that must be exhausted prior to challenging a detainer under § 2241, see Grant, 505 F.2d at 1224 (holding that remedies under the Agreement must be pursued prior to filing a petition for writ of habeas corpus); Padilla, 2004 WL 1544832, at *2, and it further appearing that plaintiff has failed to pursue his remedies under the Agreement, see (Docs. 1, 9 (contending that the detainer against plaintiff is invalid without averring that plaintiff has pursued the remedies available under the Agreement)), it is hereby ORDERED that:

---

[2]The Agreement allows a prisoner subject to a detainer to file a request for final disposition of charges pending in a state other than that in which the prisoner is incarcerated. See 18 U.S.C. app. 2 § 2 art. III(a). The prisoner must be brought to trial in the charging state within 180 days of such a request. See id. The ensuing criminal proceedings provide the petitioner the opportunity to challenge the constitutionality of the charges and must be exhausted before filing a petition for writ of habeas corpus under § 2241. See Grant, 505 F.2d at 1124; Whiteley v. Att'y Gen., No. Civ. A. 07-2382, 2007 WL 1892309, at *2 (D.N.J. June 29, 2007).

1. Plaintiff's petition/complaint (Doc. 1) is CONSTRUED as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition as so construed is DENIED for failure to exhaust remedial measures under the Interstate Agreement on Detainers. This denial is without prejudice to plaintiff's right to file a petition for writ of habeas corpus after he has exhausted his remedies under the Agreement.

2. The Clerk of Court is instructed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge